UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TYRELL JACKSON,

    Plaintiff,

v.

OFC. KILPATRICK et al.,

    Defendants.

Civ. No. 18-9361 (FLW) (TJB)

**MEMORANDUM AND ORDER**

Plaintiff, Tyrell Jackson ("Jackson" or "Plaintiff"), presently a prisoner at New Jersey State Prison, in Trenton, New Jersey, is proceeding *pro se* with a Complaint alleging civil-rights violations under 42 U.S.C. § 1983. (ECF No. 1.) He alleges that defendants Ofc. Kilpatrick ("Kilpatrick"), Sgt. Johnson ("Johnson"), and Unknown 3rd Officer, beat him in his prison cell on November 17, 2016. (*Id.*) Specifically, he claims that he was ordered out of his cell and, as he attempted to put on his shoes, Kilpatrick "jumped on my back and locked his arms around my neck and head area, cutting off my airflow to my lungs," that after he fell over, Johnson "reached down and punched me in the left eye," and that, while Kilpatrick continued to choke Jackson, the Unknown 3rd Officer sprayed mace in Jackson's face. (*Id.* at ECF pp. 6–7.) After this, Jackson alleges that Johnson "began kicking and stomping on my torso and legs, along with some punches," and Jackson contends that he "never raised my hand to any of these officers to warrant such a beating." (*Id.* at ECF p. 7.) Jackson further alleges that after this, he was placed against a wall and that, at the direction of Johnson, other unidentified officers assaulted him and that "several officers attempted to break my arm or shoulder." (*Id.*) Jackson seeks injunctive relief

and compensatory damages. (*Id.* at ECF pp. 7–8.) The Court previously granted an application by Jackson to proceed *in forma pauperis*. (ECF No. 2.)

Under the Prison Litigation Reform Act, district courts must review prisoner complaints when the prisoner (1) is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), (2) seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A, or (3) asserts a claim concerning prison conditions, *see* 42 U.S.C. § 1997e(c). The Court has screened the Complaint and determined that it states claims under 42 U.S.C. § 1983 against Kilpatrick, Johnson, and Unknown 3rd Officer, for excessive force under the Eighth Amendment.[1] The Court construes the Complaint as asserting claims only against Defendants in their individual capacities, as state officials acting in their official capacities are not considered "persons" subject to damages claims under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Accordingly, IT IS, on this 7th day of February 2019,

ORDERED that Plaintiff's Complaint is construed as asserting claims against defendants in their individual capacities for excessive force under the Eighth Amendment, and these claims are permitted to PROCEED; and it is further

ORDERED that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing a United States Marshal ("Marshal") 285 Form ("USM-285 Form"); and it is further

---

[1] The Cruel and Unusual Punishment Clause of the Eighth Amendment proscribes the unnecessary or wanton infliction of pain or the imposition of conditions that are grossly disproportionate to the severity of the crime warranting imprisonment. *See Rhodes v. Chapman*, 452 U.S. 337, 346–47 (1981). The central inquiry in an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 1–2 (1992). Accepting Jackson's allegations as true and construing them in his favor, there is no indication that the force used against him was the result of good-faith efforts to maintain discipline.

ORDERED that once the Marshal receives the USM-285 Forms from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue Summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve a Summons, the Complaint, and a copy of this Order on the address specified on each USM-285 Form, with all costs of service advanced by the United States;[2] and it is further

ORDERED that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

ORDERED that, if, at any time prior to the filing of a notice of appearance by Defendants, Plaintiff applies to the Court for any form of intermediate relief, Plaintiff shall, under Federal Rule of Civil Procedure 5(a) and (d), (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service;[3] and it is further

ORDERED that the Clerk shall serve this Order and the accompanying Memorandum Opinion on Plaintiff by regular U.S. mail.

*s/Freda L. Wolfson*
FREDA L. WOLFSON
United States District Judge

---

[2] Alternatively, the Marshal may notify Defendants that an action has been commenced and request that each Defendant waive personal service of a summons under Federal Rule of Civil Procedure 4(d).

[3] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.